UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TIMOTHY O'CONNOR, <br>           Plaintiff, <br><br> v. <br><br><br> CITY OF WORCESTER, <br> GARY GEMME, individually and in his <br> official capacity as Chief of Police, <br> MICHAEL O'BRIEN, individually <br> and in his official capacity as City <br> Manager, <br>           Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION** <br> **NO. 13-40008-TSH** |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 10)**
**September 12, 2013**

HILLMAN, D.J.

      Plaintiff Timothy O'Connor, former lieutenant of the Worcester Police Department ("WPD"), brings claims against the City of Worcester, Massachusetts ("the City") for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II) and against Gary Gemme, individually and is his capacity as the chief of police of the City, and Michael O'Brien, individually and in his capacity as the City Manger of the City for defamation (Count III) and violations of 42 U.S.C. §1983 (Count IV). The Defendants have moved to dismiss Counts I-III under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and Count IV under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

      Defendant's motion to dismiss Count IV is GRANTED because Plaintiff has failed to plead an actionable claim under 42 U.S.C. §1983. A plaintiff bringing a §1983 claim based upon

injury to reputation or character by a state actor must show that the deprivation of a more tangible interest, such as termination of employment occurred in conjunction with the alleged injury to reputation. *Paul v. Davis*, 424 U.S. 693, 711-712 (1976). Thus where a government employee's dismissal is accompanied by defamation, there is a claim for due process protections. *Owen v. City of Independence, MO.*, 445 U.S. 662, 635 n. 13 (1980). Plaintiff states in his complaint that he voluntarily retired from his position and that the alleged defamatory statements were made after that decision to leave the WPD. He claims the alleged defamatory statements deprived him of future job prospects. Alleged injuries relating to future employment opportunities instead of contemporaneous changes of status, e.g. termination, are insufficient to merit a claim under s.1983. *Sigert v. Gilley*, 500 U.S. 226, 233-234 (1991). In summary, Plaintiff has failed to plead facts sufficient to allege that an injury to his reputation occurred in conjunction with a change in status as a result of government action and thus fails to state a claim under s. 1983 for which relief can be granted.

Dismissal of Count IV eliminates the federal question required for subject matter jurisdiction. Although the court may, in its discretion, retain other meritorious claims under supplemental jurisdiction per 28 U.S.C. §1367(c)(3), the court declines to exercise jurisdiction in this case given the early stage of the proceedings

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules (12)(b)(1) and 12(b)(6) (Docket No. 10) is ***granted.***

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE